IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

_____

| | | |
|---|---|---|
| Randy Tate, #332861, | ) | C.A. #2:09-2646-PMD |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| York County Police Department; | ) | |
| Charlotte North Carolina Police | ) | |
| Department, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The above-captioned case is before this court upon the magistrate judge's recommendation

that the case be dismissed. Because petitioner is <u>pro se</u>, this matter was referred to the magistrate

judge.[1]

This Court is charged with conducting a <u>de novo</u> review of any portion of the magistrate

judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole

or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent

prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court

to review the factual and legal conclusions of the magistrate judge. <u>Thomas v Arn</u>, 474 U.S. 140

(1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's

report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate

_____

[1]Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule
73.02(B)(2)(c), D.S.C., the magistrate judge is authorized to review pretrial matters and submit
findings and recommendations to this Court.

court level.  <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).[2]  No objections have been filed

to the magistrate judge's report.

A review of the record indicates that the magistrate judge's report accurately summarizes this

case and the applicable law.  For the reasons articulated by the magistrate judge, it is hereby

**ordered** that the petition in the above-captioned case be **dismissed without prejudice** and without

issuance of service of process.

**FURTHER ORDERED**, that the magistrate judge's report and recommendation is adopted

as the order of this Court.

**AND IT IS SO ORDERED.**


PATRICK MICHAEL DUFFY
United States District Judge

November 30, 2009
Charleston, South Carolina


**<u>NOTICE OF RIGHT TO APPEAL</u>**


Plaintiff is hereby notified that he has the right to appeal this Order within **thirty (30) days** from the
date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2]In <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985), the court held "that a <u>pro</u> <u>se</u> litigant must
receive fair notification of the <u>consequences</u> of failure to object to a magistrate judge's report
before such a procedural default will result in waiver of the right to appeal.  The notice must be
'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is
required.'"  <u>Id.</u> at 846.  Plaintiff was advised in a clear manner that his objections had to be filed
within ten (10) days, and he received notice of the <u>consequences</u> at the appellate level of his
failure to object to the magistrate judge's report.